UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. BOWLING,<br><br>    Plaintiff(s),<br><br>  v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUDENTIAL FINANCIAL, COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 through 100, inclusive,<br><br>    Defendant(s).<br>_____/ | No. C 09-01581 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motion for Summary Judgment** |

On March 6, 2009, plaintiff Gregory L. Bowling ("plaintiff") brought this action against Prudential Insurance Company of America, Prudential Financial (both hereinafter "Prudential") and the Commissioner of the California Department of Insurance (collectively, "defendants"), alleging breach of contract, breach of the covenant of good faith and fair dealing, insurance bad faith, misrepresentation, intentional infliction of emotional distress, and insurance broker negligence. The action was initiated in the Superior Court of the County of San Francisco and defendants then removed the action to this court. Now before the court is defendants' motion for summary judgment on the ground that plaintiff's state law claims are preempted by Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001 et seq.. Having considered the arguments and submissions for the parties, the court enters the following memorandum and order.

BACKGROUND

This action arises out of plaintiff's claim for long-term disability ("LTD") insurance benefits under a policy purchased from Prudential. Plaintiff was a partner at the law firm of Bingham McCutchen, LLP ("Bingham"). Docket No. 1, Exh. A (Compl.) ¶ 17. Bingham entered into a contract with Prudential to provide LTD insurance to its partners, attorneys and non-attorney

employees. See Docket No. 21 (Joint Statement of Undisputed Facts ("JSUF")) at No. 1. On or about August 2006, plaintiff submitted a claim for LTD benefits to Prudential, asserting that he was totally disabled as a result of severe and disabling alcohol dependence, alcohol withdrawal, organic brain damage and psychiatric disorders. Id. at No. 17. By a letter dated November 3, 2006, Prudential informed plaintiff that they had approved his claim effective September 18, 2006. Id. at No. 18. On April 16, 2008, Prudential terminated the LTD claim payments, explaining that at that time there was "no evidence of current symptomatology that would preclude [his] ability to return" to work. Id. at No. 19; Docket No. 17 (Corrected Appendix to Mot.), Exh. D (April 16, 2008 LTD Termination Letter). Plaintiff then hired an attorney, who sent a letter on November 19, 2008 appealing the termination of plaintiff's LTD benefits. Id. at No. 21. On February 13, 2009, plaintiff received a letter from Prudential indicating that it had "determined that he is eligible for additional benefits and have reinstated his claim." Id. at Nos. 23-24. Accordingly, Prudential reinstated to plaintiff benefits he was owed for the period between April 16, 2008 and February 13, 2008. Id. at No. 25; see also Docket No. 20 (Mann Dec.) at 1. Prudential has also been paying all benefits due to plaintiff since February 13, 2009. JSUF ¶ 25.

LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see generally Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-55 (1986). A fact is "material" if it may affect the outcome of the proceedings, and an issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248. The moving party bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); see Anderson, 477 U.S. at 250. The court may not make credibility determinations, and inferences drawn from the facts must be viewed in the light most favorable to

the non-moving party. Id. at 255; see also Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991).

DISCUSSION

Defendants argue they are entitled to summary judgment because all of plaintiff's state law claims are preempted by ERISA. ERISA provides a unique federal framework for the regulation of employee pension and benefit plans. Under ERISA, 29 U.S.C. section 1002(1), an "employee welfare benefit plan" or "welfare plan" is: (1) a "plan, fund or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing . . . disability . . . benefits (5) to the participants or their beneficiaries. Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 491-92 (9th Cir. 1988); see Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982) (en banc). Whether a plan is covered by ERISA is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person. Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 491-492 (9th Cir. 1988) (quoting Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co., 809 F.2d 617, 625 (9th Cir. 1987).

Once it is determined that a plan is covered by ERISA, ERISA's enforcement provisions become the exclusive means for obtaining any relief related to or arising out of that plan. In order to ensure that pension and benefit plans would be an exclusively federal concern, Congress included a "deliberately expansive" preemption clause as part of ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987); see also General Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1521 (9th Cir. 1993) (noting that ERISA's preemption is one of the broadest ever enacted by Congress). Section 514(a) of ERISA preempts all state laws which "relate to" any employee benefit plan. 29 U.S.C. § 1144(a). The Supreme Court has given expansive effect to section 514(a), holding that a state law need not explicitly refer to employee benefit plans in order to be preempted; it also need not be specifically designed to affect benefit plans. Pilot Life, 481 U.S. at 47-48. As a result, state law claims, including common law causes of action, which arise either directly or indirectly from the administration of the plan are preempted by ERISA. Gibson v. Prudential Ins. Co. of Am., 915 F.2d

3

United States District Court
For the Northern District of California

414, 416 (9th Cir. 1990); see also Pilot Life, 481 U.S. at 57 (ERISA preempts all common law causes of action arising from improper handling of claim for benefits under ERISA plan).

In the instant case, not only is it abundantly clear that plaintiff's LTD plan with defendants is covered by ERISA, plaintiff concedes, albeit implicitly, that the plan is covered by ERISA. In his eight page opposition to defendants' motion, plaintiff does not make a single attempt to argue that his LTD plan somehow falls outside of ERISA. Instead, he devotes his entire opposition to arguing that, under ERISA, he is entitled to attorneys' fees and to interest on the reinstated benefits he received after successfully appealing the termination of his benefits. Plaintiff's complaint does not even mention, let alone state a claim for relief under, ERISA. Because plaintiff's complaint does not contain an ERISA cause of action and because plaintiff fails to defend any of the common law causes of action included in his complaint, defendants' motion for summary judgment is GRANTED.

The court grants the motion without prejudice. Plaintiff may, within 30 days, file an amended complaint to state a claim under ERISA. Plaintiff should allege facts giving rise to a cause of action under ERISA sufficient to entitle him to the relief he seeks.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED. This court dismisses all of plaintiff's state law claims and gives plaintiff thirty (30) days to file an amended complaint that states a claim under ERISA. Defendants shall file their answer within thirty (30) days thereafter.

IT IS SO ORDERED.

Dated: October 6, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4